[Cite as *State v. Auterbridge*, 2019-Ohio-159.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                              Court of Appeals No. E-18-006

      Appellee                                     Trial Court No. 2017-CR-339

v.

Charles Auterbridge, IV                          **DECISION AND JUDGMENT**

      Appellant                                    Decided: January 18, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Loretta Riddle, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} We sua sponte place this appeal on the accelerated calendar pursuant to 6th

Dist.Loc.App.R. 12. *See* App.R. 11.1(E). Appellant, Charles Auterbridge, appeals the

January 12, 2018 judgment of the Erie County Court of Common Pleas, where he was

convicted of aggravated assault in violation of R.C. 2903.12(A)(1) and (C), a felony of the fourth degree. Finding no error, we affirm.

## Assignment of Error

I. THE TRIAL COURT'S IMPOSITION OF NEARLY THE MAXIMUM SENTENCE IS CONTRARY TO LAW WHEN THE COURT FAILS TO CONSIDER THE VICTIM'S STATEMENT.

## Background

{¶ 2} On May 5, 2017, appellant was in an altercation and stabbed a man ("the victim") after being provoked. Appellant was indicted on September 13, 2017, on two counts of felonious assault in violation of R.C. 2903.11(A)(1), felonies of the second degree, and these counts carried violent offender specifications under R.C. 2941.149(A).

{¶ 3} On October 23, 2017, a hearing was held at which appellant entered in a guilty plea to the lesser included offense of aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. Sentencing was scheduled for January 11, 2018.

{¶ 4} At sentencing, the trial court confirmed that both parties reviewed the PSI and had no objection to proceeding. The court further addressed whether the victim was present, which he was not, and whether appellee wanted to proceed with sentencing despite the victim's account or a victim impact statement not being made part of the record, which appellee indeed did.

2.

**{¶ 5}** The court proceeded and imposed on appellant a 17-month prison term for being found guilty of aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. The remaining counts against appellant were dismissed. The judgment was journalized January 12, 2018. Appellant timely appeals.

**Analysis**

**{¶ 6}** In his sole assigned error, appellant asserts the trial court erred by sentencing him without considering the impact his crime had on the victim in accordance with R.C. 2930.13 and 2930.14. Appellee contends appellant's reliance on R.C. 2930.13 and 2930.14 is misplaced because the victim did not (and is not required to) submit an impact statement.

**{¶ 7}** We find R.C. 2930.13 and 2930.14 are permissive rules to be followed in the instance where a victim elects to make a written or oral statement. *See* R.C. 2930.13 (code section entitled "Victim may make written or oral statement to the person preparing impact statement."); R.C. 2930.14 (code section entitled "Victim may make statement prior to sentencing or disposition of juvenile; defendant's or juvenile's opportunity to respond.").

**{¶ 8}** Here, there is no evidence the victim elected to make such a statement, and we find that appellant's sentence is not contrary to law.

**{¶ 9}** Accordingly, appellant's sole assigned error is not well-taken.

3.

**Conclusion**

{¶ 10} The January 12, 2018 judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                                    
_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.